# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE:

JUAN C COLON PAGAN, SR                        CASE NO.:  6:18-bk-02313-ABB
                                              CHAPTER: 13
NILSA I COSTALES MARRERO

    **Debtor.**
_____/

## OBJECTION TO CHAPTER 13 PLAN

**LakeView Loan Servicing, LLC,** ("Creditor"), by and through the undersigned counsel, hereby files this objection to the Chapter 13 Plan ("Plan") [DE # 2] and in support, respectfully states the following:

1) Creditor holds a lien on the following property: 2767 East Lake Road, Kissimmee, FL 34744 (the "**Subject Property**") (Loan No. 8878)
2) Creditor intends to file a timely a Proof of Claim ("Claim").  Creditor anticipates filing a secured claim in the amount of approximately **$138,629.67**, a total secured arrearage in the amount of **$14,454.59**, and an ongoing post-petition payment of **$933.12**.
3) As Creditor's Claim is secured by the Debtor's principal residence, Creditor objects to any modification of the terms of its mortgage loan pursuant to 11 U.S.C. § 1322(b)(2).
4) The Proof of Claim ("POC") Bar is set for **July 2, 2018.**
5) A creditor does not lose its standing as a party in interest to object to confirmation of a bankruptcy plan simply because it failed to timely file a proof of claim.  In re Belser, 534 B.R. 228, 230 (2015 Bankr. LEXIS 2645).  Whether an entity has a timely filed claim or not does not change its creditor status within the meaning of the Bankruptcy Code. Id at 237.  An unfiled or tardily filed claim still carries with it a contingent right to payment that is extinguished only upon the issuance of a discharge. Id.  Until and unless that discharge

ALAW FILE NO. 18-013981

issued to the bankruptcy debtor, any entity with such contingent right to payment is entitled to the full universe of protections awarded to a creditor under the Bankruptcy Code. Id.

6) The informal proof of claim doctrine is an equitable doctrine in bankruptcy that rescues creditors from untimeliness and permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim. Id at 238. The doctrine is intended to alleviate problems with form over substance where a creditor has failed to adhere to the strict formalities of the Bankruptcy Code, but has made filings that put all parties on sufficient notice that a claim is asserted by a particular creditor. Id.

7) The above stated figures (in Paragraph #2) are good faith estimates by the Creditor in connection to the Debtor's indebtedness to the Creditor; and, in addition to Creditor's opposition to the Plan, this *Objection* shall also serve as an informal proof of claim for the Creditor (notwithstanding that the bar date has not yet passed).

8) The Plan proposes Mortgage Modification Mediation ("MMM") with respect to Creditor's claim. Pursuant to 11 U.S.C. § 1322(b)(2), the terms of the original note and mortgage shall remain in full force and effect unless and until the Creditor and Debtor mutually agree to a loan modification.

9) The Plan proposes adequate protection in the amount of **$930.25** per month.

10) While the proposed adequate protection figure complies with the 31% of gross monthly income requirement; Chapter 13 plans are subject to unlimited amendments, and the Creditor objects to any subsequent plan (prior to confirmation) that proposes a figure below the 31% monthly income requirement.

11) Furthermore, the Debtor has not filed an MMM Motion. As a result, the Creditor is not officially referred to the MMM Program. The Debtor must file the appropriate pleadings before the court, to coincide to the proposed plan treatment.

12) Finally, as stated the MMM Process has not materialized as yet. As such, Creditor also files this Objection to preserve its rights in regards to a plan that does not conform to a timely filed Proof of Claim by the Creditor.

13) Creditor's address for acceptance of payment is; **LoanCare, LLC, P.O. Box 10809, Austin, TX. 78766.**

14) Creditor objects to the proposed Plan treatment.

15) Creditor's claim should be treated as fully-secured until ordered otherwise by the Court.

ALAW FILE NO. 18-013981

16) Creditor reserves the right to amend this Objection.

WHEREFORE, **LakeView Loan Servicing, LLC,** respectfully requests that this Honorable Court sustain the objection and deny confirmation of the Plan.

                                    /s/ Ella Roberts
Ella Roberts, Esq.
FBN 0075943
813-221-4743 EXT. 1611

**Albertelli Law**
Attorney for Secured Creditor
PO Box 23028
Tampa, FL 33623
Facsimile: (813) 221-9171
bkfl@albertellilaw.com
Alternate: eroberts@albertellilaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of June, 2018, I served a copy of the foregoing on the parties listed below.

**SERVICE LIST**

Juan C Colon Pagan, Sr.
2767 E. Lake Road
Kissimmee, FL 34744

ALAW FILE NO. 18-013981

Nilsa I Costales Marrero
2767 E. Lake Road
Kissimmee, FL 34744

Alejandro Rivera, P.A.
1400 W. Oak Street, F
Kissimmee, FL 34741-4000

Trustee
Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790

United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

        Ella Roberts, Esq.
        FBN 0075943
        813-221-4743 EXT. 1611
        Albertelli Law
        Attorney for Secured Creditor
        PO Box 23028
        Tampa, FL 33623
        Facsimile: (813) 221-9171
        bkfl@albertellilaw.com
        Alternate: eroberts@albertellilaw.com

ALAW FILE NO. 18-013981